

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 17, 1977

The Honorable Walter W. Meek
County Auditor
County of Duval
San Diego, Texas   78384

Opinion No. H-992

Re:   Travel allowances
for members of the county
commissioners court.

Dear Mr. Meek:

You have requested our opinion as to whether article
3912k, V.T.C.S., removes all restrictions on the amount a
commissioners court may allot to its members as an automobile
allowance, and if that allowance must be related in some
way to the number of miles driven on official business, whether
the mileage between home and office may be considered.
Article 3912k provides in part:

> Section 1.   Except as otherwise pro-
> vided by this Act and subject to the
> limitations of this Act, the commissioners
> court of each county shall fix the amount
> of compensation, office expense, <u>travel
> expense</u>, and all other allowances for
> county and precinct officials and employees
> who are paid wholly from county funds, but
> in no event shall such salaries be set lower
> than they exist at the effective date of this
> Act.

> Sec. 2.   (a) The salaries, expenses, and
> other allowances of elected county and pre-
> cinct officers shall be set each year during
> the regular budget hearing and adoption pro-
> ceedings on giving notice as provided by

the 62nd Legislature, Regular Session,
1971, prescribes the compensation, office
expense, travel expense, or any other al-
lowance for any official or employee
covered by this Act, that law is repealed.

(Emphasis added).

Article 3912k gives to the commissioners court autho-
rity to fix the amount which shall be received for travel
expenses by county and precinct officials, including the
commissioners themselves.  No formula is specified for the
calculation of traveling expenses.  The legislature therefore
apparently did not intend that members of the commissioners
court would be required to show that traveling expenses
allowed them had been actually incurred before payment could
be made.  Attorney General Opinions WW-513 (1958); V-1344
(1951).  Thus, we believe the legislature intended, in
enacting article 3912k, to authorize counties to continue
the type of lump-sum reimbursement for traveling expenses
previously authorized by the legislature.  See V.T.C.S.
art. 2350o, Acts 1959, 56th Leg., ch. 221 at 502, as amended
Acts 1971, 62nd Leg., ch. 811 at 2489; art. 2350p, Acts 1971,
62nd Leg., ch. 583 at 1927.  Nonetheless, we believe that the
use of the term "expense" in article 3912k requires that the sum
set by the commissioners as "travel expense" reflect the ex-
penses actually incurred by county officials in the conduct
of official business.  While county officials may receive a
monthly travel allowance without the need to account for
every mile traveled when their duties require traveling from
their official stations on a continuing basis, the sum set
as a travel allowance must be premised upon some basis of
fact and reasonable calculation.  See Letter Advisory No. 89
(1975).

You have asked whether travel between home and office may
be considered as official mileage subject to compensation
under article 3912k.  We do not believe that article 3912k
authorizes compensation for such travel.  Statutes authorizing
reimbursement of a public official for expenses or services
are to be interpreted strictly.  Madden v. Hardy, 50 S.W.
926 (Tex. 1899); Housing Authority of the City of Harlingen
v. State ex rel. Velasquez, 539 S.W.2d 911 (Tex. Civ. App. --
Corpus Christi 1976, writ ref'd n.r.e.); Allen v. Davis,
333 S.W.2d 441 (Tex. Civ. App. -- Amarillo 1960, no writ).

> [U]nless the legislature has expressly
> and explicitly included in the expenses
> to be allowed such officers the cost of
> travel from their homes to the places
> where their regular duties are to be
> performed, such expenses are not a le-
> gitimate public charge.

Thompson v. Frohmiller, 107 P.2d 375, 376 (Ariz. 1940).  See
also Austin v. Barrett, 16 P.2d 12 (Ariz. 1932); State ex
rel. Carman v. Sims, 115 S.E.2d 140 (W. Va. 1960); 67 C.J.S.
Officers § 91b.  Cf. Attorney General Opinion M-873 (1971)
(approving reimbursement in emergency situations when the
place of departure and final destination is the employee's
home rather than his designated official headquarters).  We
do not believe that article 3912k constitutes such an explicit
authorization for reimbursement of travel expenses between
home and office in normal circumstances.

### S U M M A R Y

> Article 3912k, V.T.C.S., authorizes a
> county commissioners court to fix the
> amount which shall be received by county
> and precinct officials, including the
> commissioners themselves, as reimbursement
> for traveling expenses.  County officials
> may receive a monthly travel allowance
> without the need to account for every
> mile traveled when their duties require
> travel from their official stations on a
> continuing basis, but the allowance must
> be reasonably related to expenses actually
> incurred.  Travel between home and office
> is not official travel subject to reimburse-
> ment in normal circumstances.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml